G. Thomas Martin, III, Esq. (SBN 218456)
**PRICE LAW GROUP, APC**
15760 Ventura Blvd., Suite 1100
Encino, CA 91436
T: (818) 907-2030; F: (818) 205-2730
tom@plglawfirm.com

Attorneys for Plaintiff,
JAMES SAYLOR



FILED
MAY 31 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

JAMES SAYLOR

   Plaintiff,

vs.

DIVERSIFIED COLLECTION SERVICES, INC.; and DOES 1 – 10, inclusive.

   Defendant.

Case No.: C12-02779 NC ADR

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**(Unlawful Debt Collection Practices)**

**Demand Does Not Exceed $10,000**

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by plaintiff James Saylor an individual consumer, against defendant Diversified Collection Services, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") and the Rosenthal Fair Debt Collection

Practices Act, Cal. Civ. Code §§ 1788 *et seq.* (hereinafter "RFDCPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## VENUE AND JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d), Cal. Civ. Code §§ 1788.30, and 28 U.S.C. § 1331 and § 1337. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

3. Plaintiff, James Saylor is a consumer, a natural person allegedly obligated to pay any debt, residing in the state of New Jersey.

4. Defendant, Diversified Collection Services, Inc. is a corporation engaged in the business of collecting debt in this state with its principal place of business located in Alameda County at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6), and the Cal. Civ. Code § 1788.2.

## FACTS

6. Upon information and belief, within one year prior to the filing of this complaint, Defendant placed collection calls to Plaintiff, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. The debt that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

8. Upon information and belief, Defendant began contacting Plaintiff and placing collection calls to Plaintiff prior to April of 2012.

9. Upon information and belief, within one year of the filing of this complaint, Defendant utilized unfair and unconscionable means to collect on Plaintiff's alleged debt by lying to and/or making misleading representations in connection with an attempt to collect on Plaintiff's alleged debt; threatening to garnish Plaintiff's wages itself unless a full payment was received, even though Plaintiff had already let Defendant know that he has not worked in over a year, and regardless of the fact that it knew that only the creditor could possibly seek to garnish Plaintiff's wages.

10. Upon information and belief, Defendant mislead Plaintiff, by demanding payment from Plaintiff in communications that were within the first thirty days from the first initial communication with Plaintiff without also stating that Plaintiff still had an opportunity to dispute and/or seek validation for the alleged debt; overshadowing Plaintiff's rights to dispute and/or seek validation for the alleged debt.

11. As a result of the acts alleged above, Plaintiff suffered emotional distress resulting in Plaintiff feeling stressed, amongst other negative emotions

### COUNT I – FDCPA

12. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

13. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    (a) Defendant violated §1692f of the FDCPA by using unfair or unconscionable means in connection with the collection of an alleged debt; and

    (b) Defendant violated §1692e(10) of the FDCPA by using false, deceptive, or misleading representation or means in connection with the collection of Plaintiff's alleged debt; and

    (c) Defendant violated §1692e(2)(B) of the FDCPA by falsely representing the services rendered or compensation which may be lawfully received by the Defendant for the collection of the alleged debt; and

    (d) Defendant violated §1692e(5) of the FDCPA by threatening to take action that it did not intend to take.

14. As a result of the foregoing violations of the FDCPA, Defendant is liable to the plaintiff James Saylor for actual damages, statutory damages, and costs and attorney fees.

## COUNT II - RFDCPA

15. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

16. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to the following:

(a) Defendant violated §1788.10(e) of the RFDCPA by threatening to any person that nonpayment of the consumer debt may result in … the seizure … of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law; and

(b) Defendant violated §1788.13(j) of the RFDCPA by falsely representing that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

(c) Defendant violated §1788.17 of the RFDCPA by being a debt collector collecting or attempting to collect a consumer debt that is not compliant with the provisions of Sections 1692b to 1692j of the FDCPA, the references to federal codes in this section referring to those codes as they read as of January 1, 2001.

17. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

18. As a result of the foregoing violations of the RFDCPA, Defendant is liable to the plaintiff James Saylor for actual damages, statutory damages, and costs and attorney fees.

WHEREFORE, Plaintiff James Saylor respectfully requests that judgment be entered against defendant Diversified Collection Services, Inc. for the following:

A. Actual damages.
B. Statutory damages pursuant to 15 U.S.C. § 1692k.
C. Statutory damages pursuant to Cal. Civ. Code § 1788.30.

D. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k and Cal. Civ. Code § 1788.30.

E. For such other and further relief as the Court may deem just and proper.

Date: May 24, 2012      RESPECTFULLY SUBMITTED,

By: _____
G. Thomas Martin, III, Esq. (SBN 218456)
PRICE LAW GROUP, APC
15760 Ventura Boulevard, Suite 1100
Encino, CA 91436
Phone: (818) 907-2030
Fax: (818) 205-2730

Attorney for Plaintiff,
James Saylor

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JAMES SAYLOR, demands trial by jury in this action.

COMPLAINT